## JEAN ZEOLI *v.* NORWALK HOSPITAL ET AL.
### (SC 16458)

Sullivan, C. J., and Borden, Norcott, Katz and Vertefeuille, Js.

Argued March 20—officially released August 14, 2001

*James M. Hughes*, with whom, on the brief, was *Thomas A. Mulligan, Jr.*, for the appellant (named defendant).

*Gregory T. D'Auria*, associate attorney general, with whom were *William J. McCullough*, assistant attorney

general, and, on the brief, *Richard Blumenthal*, attorney general, and *J. Sarah Posner*, assistant attorney general, for the appellee (defendant second injury fund).

*Opinion*

SULLIVAN, C. J. This appeal presents two issues concerning the transfer of a workers' compensation claim to the defendant second injury fund (fund) that are identical to those decided by this court today in the case of *Giaimo* v. *New Haven*, 257 Conn. 481, 778 A.2d 33 (2001). Specifically, the named defendant, Norwalk Hospital (hospital), claims that General Statutes § 31-349c (a)[1] violates the fourteenth amendment to the United States constitution[2] and article first, §§ 8[3] and 10,[4] of the Connecticut constitution. The fund argues

---

[1] General Statutes § 31-349c (a) provides: "The custodian of the Second Injury Fund and an insurer or self-insured employer seeking to transfer a claim to the fund shall submit all controverted issues regarding the existence of a previous disability under section 31-349 to the chairman of the Workers' Compensation Commission. The chairman shall appoint a panel of three physicians, as defined in subdivision (17) of section 31-275, and submit such dispute to the panel, along with whatever evidence and materials he deems necessary for consideration in the matter. The panel may examine the claimant, who shall submit to any examination such panel may require. Within sixty days of receiving the submission, the panel shall file its opinion, in writing, with the chairman, who shall forward it, along with any records generated by the panel's work on the case, to the commissioner having jurisdiction over the claim in which the dispute arose. The panel's opinion shall be determined by a majority vote of the three members. Such opinion shall be binding on all parties to the claim and may not be appealed to the Compensation Review Board pursuant to section 31-301."

[2] The fourteenth amendment to the United States constitution provides in relevant part: "No State shall . . . deprive any person of life, liberty or property, without due process of law . . . ."

[3] Article first, § 8, of the constitution of Connecticut provides in relevant part: "No person shall . . . be deprived of life, liberty or property without due process of law . . . ."

[4] Article first, § 10, of the constitution of Connecticut provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

that the hospital's claim is moot in light of General Statutes § 31-349h.[5] In *Giaimo*, we concluded that § 31-349c (a) is unconstitutional under the state and federal constitutions, as applied to the facts of that case; id., 516; and that § 31-349h does not bar the transfer of claims that were eligible for transfer prior to July 1, 1999, and that ultimately are found to be transferable. Id., 498. We conclude that § 31-349c (a) is also unconstitutional as applied to the facts of this case.

The record reveals the following relevant facts. The plaintiff, Jean Zeoli, injured her back on March 26, 1995, during the course of her employment with the hospital. The injury was found to be compensable under the workers' compensation act (act), and compensation was paid by the hospital and its insurer. The hospital subsequently sought to transfer the claim to the fund, claiming that the plaintiff had a preexisting physical disability to her back that had caused her disability from the second injury to be materially and substantially greater than it otherwise would have been.

Pursuant to § 31-349c (a), the chairman of the workers' compensation commission assigned the claim to a panel of three physicians, consisting of Leo Willett, an orthopedic surgeon, John Basile, a neurosurgeon, and Robert Stern, a chiropractor. The panel examined the plaintiff and issued its report on February 5, 1998, concluding that the claim did not qualify for a transfer to the fund. On March 17, 1998, and again on April 29, 1998, the hospital wrote to the commissioner requesting that the commissioner enter a finding or order concerning the panel's decision so that the hospital would have a ruling from which to appeal to the compensation

[5] General Statutes § 31-349h provides: "All transfers of claims to the Second Injury Fund with a date of injury prior to July 1, 1995, shall be effected no later than July 1, 1999. All claims not transferred to the Second Injury Fund, on or before July 1, 1999, shall remain the responsibility of the employer or its insurer."

review board (board). When the commissioner took no action, the hospital, on October 14, 1998, requested a hearing on the panel's decision and again requested that the commissioner take some action with respect to the decision. A formal hearing was held on January 27, 1999, and on February 3, 1999, the commissioner issued a finding and dismissal, ruling that the panel's decision, that the plaintiff's preexisting condition had not caused her disability to be materially and substantially greater than it otherwise would have been, controlled, and denying the claim for a transfer.[6]

On February 11, 1999, the hospital filed a motion to correct, which the commissioner denied on the same date. The hospital also filed with the board a petition for review and a motion for expedited reservation of the case to the Appellate Court pursuant to General Statutes § 31-324.[7] The fund moved to dismiss the hospital's petition for review and motion to correct on the grounds that the board had no subject matter jurisdiction in light of § 31-349h. The board issued its opinion on March 13, 2000, concluding that it could not reserve the constitutional question to the Appellate Court

[6] The fact that the commissioner held a formal hearing on the hospital's claim does not affect our conclusion that the procedures provided by § 31-349c are constitutionally inadequate as applied to the facts of this case. The commissioner concluded at that hearing that his ruling was controlled by the decision of the medical panel. Accordingly, the proceeding before the commissioner was merely pro forma, and its only purpose was to provide an opportunity for the commissioner to affirm the panel's decision without analysis thereof. For the reasons set forth in *Giaimo* v. *New Haven*, supra, 257 Conn. 516, we conclude that such a procedure is constitutionally inadequate.

[7] General Statutes § 31-324 provides in relevant part: "When, in any case arising under the provisions of this chapter, the Compensation Review Board is of the opinion that the decision involves principles of law which are not free from reasonable doubt and which public interest requires shall be determined by the Appellate Court, in order that a definite rule be established applicable to future cases, said Compensation Review Board may, on its own motion and without any agreement or act of the parties or their counsel, reserve such case for the opinion of the Appellate Court. . . ."

because it was not justiciable by the board in the first instance.[8] The board held that the transfer of the claim was not barred by § 31-349h and affirmed the commissioner's February 3, 1999 decision. The hospital appealed to the Appellate Court and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

For the reasons set forth in *Giaimo* v. *New Haven*, supra, 257 Conn. 498, the decision of the board is affirmed with respect to the board's ruling that the transfer of the claim was not barred by § 31-349h. The decision of the board is reversed in part, and the case is remanded to the board with direction to remand it to the commissioner for further proceedings according to law.

In this opinion the other justices concurred.

---
[8] The board's ruling that it would not reserve the constitutional question to the Appellate Court is not at issue in this appeal.